OTTENWESS *v.* SIMKINS.

Payment—Duress—Settlement for Stolen Goods—Great Weight of Evidence.

In an action to recover money paid by plaintiff to her employers to settle a claim against her for goods claimed to have been stolen, and damages for false imprisonment, on the ground that she had paid under duress, the verdict in favor of plaintiff, *held*, against the great weight of the evidence.

Error to Kent; Perkins (Willis B.), J.  Submitted October 3, 1928.  (Docket No. 9, Calendar No. 33,627.)  Decided January 7, 1929.

Case by Maym A. Ottenwess against Cady S. Simkins and others for money obtained by duress and for false imprisonment.  Judgment for plaintiff. Defendants bring error.  Reversed.

*Ward & Strawhecker* and *Linsey, Shivel & Phelps,* for appellants Simkins and Stoll.

*Dilley, Souter & Dilley,* for appellants Sarles *et al.*

*Joseph R. Gillard,* for appellee.

CLARK, J.  Plaintiff, an unmarried woman, 42 years of age, had been employed as saleswoman in stores for nearly 20 years, the last 4 years in the store of defendants Simkins and Stoll, trading as Specialty Dry Goods Shoppe, in Grand Rapids.  Defendant employers, suspecting that plaintiff was stealing from the store, became watchful, and in that had some assistance from other employees.  The other defendants, detectives, were engaged.  Finally, plaintiff was told by defendants the results of their efforts and observations.  She signed a writing, called a confession, settled the claim of her employers for $3,000, and paid the charges of the detectives, $1,000. Further investigation convinced the employers that they had settled too cheaply.  Plaintiff was asked to pay more.  She gave her note for $2,500, secured by collateral.  She commenced this suit to recover back what she had paid, averring that she had stolen nothing, and that the settlement had been produced by duress.  She also claimed damages for false imprisonment.  The defendant detectives aided in

bringing about the first settlement. Toward the close of proof, the trial court having the opinion that the detectives were not connected with the second settlement, and plaintiff's counsel also, it seems, coming to that opinion, the matter of the second settlement was withdrawn from the case. The case went to the jury on the averments relating to the first settlement and to false imprisonment. Plaintiff had verdict and judgment for $6,591.66. Defendants bring error.

The decisive question is that the verdict is against the great weight of the evidence. Plaintiff's case for the jury was made by her own testimony, with very little corroboration. Her testimony is seriously challenged in important particulars. We speak of but three of them. She said that the written confession, so-called, had been greatly altered after she had signed it, and she made a pencil mark on the paper to indicate the extent of the alteration. An examination of the document itself and a consideration of the circumstances and the testimony of the other witnesses in respect to it are very convincing that plaintiff's testimony in this regard is not true. Her testimony of harsh and threatening conduct of the detectives just before making the confession is against the circumstances and against the convincing testimony of many other witnesses. Witnesses testified of purchasing goods, paying for them in money, of receiving a sales slip for but part of the purchases, not for all as the rules of the store required, and of observing that plaintiff rang up on the cash register but that part of the amount paid which corresponded to the sales slip. The goods actually delivered to the witnesses, the cash register records respecting such sales, and the testimony of

the witnesses is near to complete refutation of plaintiff's testimony in that regard.

Plaintiff's case then rests very largely on her own testimony, seriously challenged, if not discredited, and in some respects inconsistent and contradictory, and is met by the testimony of many witnesses, convincing and consistent in itself and with the circumstances. We conclude that the verdict is against the great weight of the evidence. *Miller* v. *Railway,* 200 Mich. 388.

A serious question is prejudicial argument of plaintiff's counsel, but, in view of the conclusion reached, it calls for no discussion. Other questions, now well briefed and not difficult, are not likely to arise again, and are passed.

Judgment reversed. New trial granted. Costs to appellants.

NORTH, C. J., and FEAD, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.